UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMRA ARCHER LEIGH,

                  Plaintiff,

    v.

JOEL SACKS,

                  Defendant.

Case No. 3:21-cv-5567-TLF

ORDER ON MOTION TO REMAND AND MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court on plaintiff's motion for remand (Dkt. 9), defendant's motion for summary judgment (Dkt. 23) and plaintiff's cross-motion and response (Dkt. 28). For the reasons set forth below, the Court DENIES plaintiff's motion for remand, GRANTS defendant's motion for summary judgment and DENIES plaintiff's cross-motion for summary judgment.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff initially filed this action in state court alleging violations of her Federal Due Process rights under 42 U.S.C. § 1983. Dkt. 1-2, Plaintiff's Complaint. The complaint alleges that the defendant, acting in his official capacity as a state official, violated her rights by acts or omissions concerning the process of reviewing her Industrial Insurance benefits to which she alleges she was entitled, concerning an injury she suffered in a car accident on June 6, 2007 [claim #AE 62982], but her allegations also involve administrative law proceedings on a different claim – for an injury suffered

1    July 8, 2007, while working for Everson's Econo-Vac in Tacoma, Pierce County,

2    Washington [claim #AP-00704]. Dkt. 1-2, at 2, 53-58. Plaintiff contends defendant

3    violated her due process rights and alleges the Department violated RCW 51.04.080;

4    RCW 51.52.050; RCW 51.52.060 and WAC 296-14-410. Dkt. 1-2.

5            Based on the record before the Court, the following facts are undisputed.

6            This action arises from an underlying claim, identified as claim AE62982, before

7    the Department of Labor and Industries of the State of Washington ("Department"). See,

8    Dkt. 1-2, Complaint, at ¶ 4.1; Dkt. 25-1, Dkt. 26, Declaration of Receipt of Proposed

9    Decision and Order, at 110; Dkt. 28, Plaintiff's Response, at 3. Plaintiff filed the initial

10   claim for benefits in 2007 and the claim was allowed. Dkt. 25-1, Dkt. 26, Jurisdictional

11   History, at 122.

12           On March 31, 2011, plaintiff's new attorney sent a letter and notice of change of

13   address to the Department of Labor and Industries informing the Department that all

14   further correspondence should be directed to plaintiff's new attorney. Dkt. 25-1, Dkt. 26,

15   Notice of Change of Address (3/31/2011), at 137-38. The letter stated a blanket protest

16   to any orders that had been entered in the past 60 days. *Id.*

17           On April 1, 2011, the Washington State Department of Labor and Industries

18   issued a Notice of Decision suspending plaintiff's right to time loss compensation. Dkt.

19   25-1, Dkt. 26, Notice of Decision (04/01/2011), at 141-42. The Notice of Decision was

20   mailed to plaintiff's previous attorney. *Id.*

21           On April 12, 2011, the Department of Labor and Industries acknowledged the

22   change of address and sent plaintiff's new attorney a copy of the claim file. Dkt. 25-1,

23   Dkt. 26, Department of Labor and Industries Letter (04/12/2011), at 148-49. On April 25,

24

25

2011 plaintiff's attorney contacted the Department of Labor and Industries inquiring about plaintiff's time-loss benefits, and the Department responded that time-loss was not payable at that time. Dkt. 25-1, Dkt. 26, Time-Loss Message (04/25/2011), at 150.

On June 15, 2011, plaintiff's attorney sent a letter to the Department stating that plaintiff had protested the April 1, 2011 order and the Department failed to properly respond. Dkt. 25-1, Dkt. 26, Letter to Department (06/15/2011), at 153-154. On July 19, 2011 plaintiff's attorney sent a secure message to the Department requesting that the Department review the documents posted since April 1, 2011, including the protest of the suspension order. Dkt. 25-1, Dkt. 26, Secure Message (07/19/2011), at 45. The Claim Manager replied that she had recently been transferred plaintiff's claims and would be addressing any outstanding issues in a timely manner. *Id.*

On July 25, 2011, the Department sent a letter to plaintiff's attorney regarding the April 1, 2011 order suspending plaintiff's claims. Dkt. 25-1, Dkt. 26, Letter from Claim Manager (7/25/2011) at 52. The letter acknowledged plaintiff's protest but stated that upon review the suspension of the claim was correct and for good cause. *Id.* The Department subsequently issued three notices of decisions affirming the April 1, 2011 order, finding no permanent disability and closing plaintiff's claims effective July 27, 2011. Dkt. 25-1, Dkt. 26, Notice of Decision (07/25/2011) at 50, Notice of Decision (07/26/2011) at 49, Notice of Decision (07/27/2011) at 48.

On September 12, 2011, plaintiff appealed the Department orders. Dkt. 25-1, Dkt. 26, Jurisdictional History, at 125. On June 7, 2012, during a proceeding before the Board of Industrial Insurance Appeals (BIIA), the parties reached a settlement.  Dkt. 1-2, Report of Proceeding Agreement of Parties (6/8/2012), at 39-41. In the BIIA Order, the

1   Department was directed to pay an award for permanent partial disability for cervical

2   and cervico-dorsal impairment, and for dorsal-lumbar and lumbosacral impairment; the

3   July 27, 2011 order was affirmed in all other respects, and the Department was directed

4   to close the claim; plaintiff moved to dismiss the appeal. *Id*. On June 11, 2012, the

5   Board of Industrial Insurance Appeals dismissed plaintiff's appeals. Dkt. 25-1, Dkt. 26,

6   Order Dismissing Appeals (06/11/2012), at 89.

7         On April 13, 2016 plaintiff filed an appeal before the BIIA regarding Claim No.

8   AP00704. Dkt. 25-1, Dkt. 26, Order Finding Appeal Timely Docket No. 16 13973, at 53.

9   The Board found that on August 26, 2010 the Department issued an order denying

10   plaintiff's claim under AP00704. *Id*. at 54. Plaintiff received a copy of this order and

11   protested the order on September 14, 2010. *Id*. The Department issued an order

12   indicating that it was reconsidering the decision. *Id*.

13         Based on the record before the Board, the BIIA found that the Department issued

14   an order affirming the August 26, 2010 order denying plaintiff's claim. Dkt. 25-1, Dkt. 26,

15   Order Finding Appeal Timely Docket No. 16 13973, at 54. The BIIA found that plaintiff

16   received the order within the week and took the order to her attorney who had not yet

17   received the notice. *Id*. Further, the BIIA found that plaintiff's attorney directed plaintiff to

18   wait until the attorney received notice, but the attorney never received notice. *Id*. Plaintiff

19   stated that she fired her attorney on September 5, 2012, filed a request for

20   determinative order and filed a notice of appeal on April 13, 2016. *Id*. The BIIA

21   concluded that the Department failed to communicate the Order on Appeal to plaintiff's

22   attorney which meant that the order (on AP00704) never became final and binding,

23

24

25

ORDER ON MOTION TO REMAND AND MOTIONS
FOR SUMMARY JUDGMENT - 4

therefore plaintiff's appeal was timely.  Dkt. 25-1, Dkt. 26, Order Finding Appeal Timely

Docket No. 16 13973, at 55.

On August 2, 2017, plaintiff filed a document titled "Departments Failure to

Communicate Order." Dkt. 25-1, Dkt. 26, at 14-16. This document relates only to

plaintiff's AE62982 claim. *Id.* at 14. On August 7, 2017, the Board of Industrial Insurance

Appeals issued a notice that the appeal had been received. Dkt. 25-1, Dkt. 26, Notice of

Receipt of Appeal from Claimant (08/07/2017), at 62. The BIIA denied the appeal,

noting that because the Department affirmed the April 1, 2011 decision on July 25,

2011, the April 1, 2011 order was no longer the final determination from which an

appeal may be taken. Dkt 25-1, Dkt. 26, Order Denying Appeal, at 64.

In September 2017, plaintiff filed a Petition for Review. Dkt. 25-1, Dkt. 26, at 66-

70. The Petition related only to plaintiff's AE62982 claim. Dkt. 25-1, Dkt. 26, Petition for

Review at 66. Plaintiff argued that the "Department's failure to legally communicate a

determinative order warrants review authority of the BIIA." *Id.* Plaintiff argued that by

failing to mail the April 1, 2011 order to plaintiff's attorney, the order never became final

and binding and is therefore void without legal effect. *Id.* at 67. Plaintiff further argued

that the subsequent July 25, 2011 Order was invalid because it reaffirmed the allegedly

invalid April 1, 2011 order. *Id.*

On September 11, 2017, plaintiff submitted additional information for the Petition

for Review. Dkt. 25-1, Dkt. 26, Petition for Review (09/11/2017), at 75-85. The additional

documents indicate that in September 2017, plaintiff filed a criminal complaint against

the claim managers overseeing her claims alleging that they committed "Class C Felony

Fraud." Dkt. 25-1, Dkt. 26, Petition for Review (09/11/2017), at 75-85. Plaintiff states

that the claim managers allegedly committed fraud by presenting altered documents to create a false impression. *Id.*

The Board of Industrial Insurance Appeals construed plaintiff's petition as a motion to vacate the Order Denying Appeal. Dkt. 25-1, Dkt. 26, Order Denying Motion to Vacate Order Denying Appeal, at 86-87. The BIIA explained that while representing plaintiff, her attorney protested the Department's April 1, 2011 order and filed an appeal of the July 25, 2011 affirmance order. *Id.* at 86. This appeal was dismissed pursuant to the parties' agreement to close the claim. *Id.* The BIIA concluded that the order dismissing plaintiff's appeal pursuant to the parties' agreement was final and binding. *Id.* at 87. Accordingly, pursuant to the doctrine of res judicata, the BIIA denied plaintiff's motion to vacate. *Id.*

Plaintiff appealed the Board's Order Denying Motion to Vacate to the Pierce County Superior Court. Dkt. 25-1, Dkt. 26, Petition for Review, Case No. 17-2-13374-0, at 5-11. Before the Superior Court, plaintiff argued that the Department failed to mail notice of the April 1, 2011 Order to plaintiff's attorney. Dkt. 25-1, Dkt. 26, Brief in Support of Petition for Review, at 168-173. Accordingly, plaintiff maintained that the Department lacked the authority to enter the July 25, 2011 order. *Id.* at 173. Therefore, plaintiff argued that the July 25, 2011 order was void. *Id.* Plaintiff also argued that the BIIA also lacked the authority to issue an order dismissing the appeals of the July 2011 orders. *Id.* at 176-179. Accordingly, plaintiff requested that, based on the deficiencies of the April 1, 2011 order, the Court vacate all orders and agreements after the April 1, 2011. *Id.* at 177-78. Plaintiff argued that the appropriate remedy was remand for reconsideration for the April 1, 2011 order. *Id.* The Superior Court affirmed the Board's

1   Order, finding that the April 1, 2011 order was not an appealable order and that

2   plaintiff's claims regarding the April 1, 2011 order were moot. Dkt. 25-1, Dkt. 26,

3   Findings of Fact and Conclusions of Law and Judgment, at 227-228.

4       On January 22, 2020, the Washington Court of Appeals denied plaintiff's appeal

5   and affirmed the Superior Court's ruling. Dkt. 25-1, Dkt. 26, Unpublished Opinion No.

6   52006-1-II, at 239-246. The Court of Appeals held that the doctrine of res judicata

7   barred plaintiff from relitigating the issues pertaining to her worker's compensation

8   claim. *Id*. The Court of Appeals explained that the BIIA order dismissing plaintiff's

9   appeal of the July 2011 orders pursuant to a settlement agreement was a valid

10  agreement resolving all issues related to plaintiff's claims. *Id*. at 245. Accordingly,

11  because plaintiff did not appeal the BIIA order, the order became a final and complete

12  adjudication of plaintiff's claims. *Id*. The Washington Supreme Court denied plaintiff's

13  petition for review. Dkt. 25-1, Dkt. 26, Washington Supreme Court Order, No. 98191-4,

14  at 253-255.

15      Plaintiff filed an original action on July 21, 2020 (amended on July 29, 2020) with

16  the Washington Supreme Court seeking a writ of mandamus to compel defendant in his

17  official capacity to reassume jurisdiction over her closed claim for worker's

18  compensation benefits. Dkt. 25-1, Dkt. 26, Washington Supreme Court Order No.

19  98832-3, at 248-251. The Washington Supreme Court denied plaintiff's request for a

20  writ of mandamus, on October 6, 2021. *Id*.

21      In July 2021, plaintiff filed this action in Thurston County Superior Court.

22  Complaint, Dkt. 1-2. Plaintiff's complaint raises claims under 42 U.S.C. § 1983 for

23  alleged due process violations during the underlying administrative actions. Dkt. 1-2, at

24

25

ORDER ON MOTION TO REMAND AND MOTIONS
FOR SUMMARY JUDGMENT - 7

1   1-2, 15-16, 18. Plaintiff also alleges that she is bringing claims under the Revised Code

2   of Washington Title 51 and Washington Administrative Code Chapter 296-14. Dkt. 1-2

3   at 1-2, 18. Plaintiff's complaint requests that the Court vacate all previous orders and

4   decisions and grant plaintiff $3,733,077.00 in equitable relief. *Id.*

5          The defendant removed the case to this Court. Dkt. 1. Plaintiff filed a motion to

6   remand. Dkt. 9. Additionally, plaintiff contends the defendants frivolously removed this

7   action to federal court without a good faith basis and for an improper purpose. Dkt. 9.

8   Plaintiff moves for sanctions requesting the Court order defendants to pay plaintiff all

9   costs associated with the motion to remand. Dkt. 9. Defendant has opposed plaintiff's

10  motion to remand. Dkt. 19.

11         Defendant has filed a motion for summary judgment requesting that the Court

12  dismiss plaintiff's claims with prejudice. Dkt. 23. Plaintiff has filed a cross-motion

13  opposing defendant's motion for summary judgment and requesting that the Court grant

14  summary judgment in favor of plaintiff or in the alternative, remand this action to state

15  court. Dkt. 28.

16                                    DISCUSSION

17      A.   Motion to Remand

18         Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court

19  to federal court if the federal court would have original subject matter jurisdiction.

20  Federal courts have original jurisdiction over "all civil actions arising under the

21  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C.

22  § 1367(a), in any action in which a federal district court has original jurisdiction, it "shall

23  have supplemental jurisdiction over all other claims that are so related to claims in the

24

25

1    action within such original jurisdiction that they form part of the same case or

2    controversy under Article III of the United States Constitution."

3          Pursuant to 28 U.S.C. § 1447(c) a plaintiff can move to remand back to state

4    court after removal, based on jurisdiction or procedural defects in removal. *Kamm v.*

5    *ITEX Corp.*, 568 F.3d 752, 754-57 (9th Cir. 2009). If at any time before final judgment it

6    appears that the district court lacks subject matter jurisdiction, the court shall remand

7    the case. 28 U.S.C. § 1447(c).

8          Plaintiff's complaint alleges that the defendant, acting under color of state law,

9    violated plaintiff's federally protected rights and seeks relief under 42 U.S.C. § 1983.

10   The Court has jurisdiction over plaintiff's federal civil rights claims, based on her due

11   process claims for alleged deprivation of property rights under 42 U.S.C. § 1983. 28

12   U.S.C. § 1331. Additionally, plaintiff's state law claims arise from the same underlying

13   conduct that plaintiff contends amounts to a due process violation. The Court has

14   supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367(a).

15         Therefore, the Court denies plaintiff's motion to remand (Dkt. 9).

16         B.  Motion for Summary Judgment

17         Summary judgment is supported if the materials in the record "show that there is

18   no genuine issue as to any material fact and that the movant is entitled to judgment as a

19   matter of law." Federal Rule of Civil Procedure (FRCP) 56 (a),(c). The moving party

20   bears the initial burden to demonstrate the absence of a genuine dispute of material fact

21   for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute

22   concerning a material fact is presented when there is sufficient evidence for a

23   reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby,*

24

25

ORDER ON MOTION TO REMAND AND MOTIONS
FOR SUMMARY JUDGMENT - 9

*Inc.*, 477 U.S. 242, 252 (1986). In this context, materiality means the fact is one that is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit"; thus, materiality is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The non-moving party is required to show that genuine issues of material fact "'can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party.'*" *California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson,* 477 U.S. at 250) (emphasis in original)). When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson,* at 255. Yet the Court is not allowed to perform the jury's function – the Court may not weigh evidence, draw legitimate inferences from facts, or decide credibility. *Id.*

If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of his pleading; his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(c). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015). "The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." *Id.*

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and

(b) the conduct deprived a person of a right, privilege, or immunity secured by the

Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535

(1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section

1983 is the appropriate avenue to remedy an alleged wrong only if both of these

elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

      1)  Motion to Strike

      In support of plaintiff's response and cross-motion, plaintiff filed the Declaration

of Tamra Archer Leigh with supporting exhibits. Dkt. 28-1, Declaration of Leigh; Dkt.

128-2, Exhibits A, B, C. Defendant has moved to strike the documents that plaintiff

attached as Exhibit B and C. Dkt. 29, Reply, at 2.

      At the summary judgment stage, the Court is not focused on the admissibility of

the evidence's form, rather the Court must focus on the admissibility of the evidence's

content. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003), *Block v. City of Los

Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party

does not necessarily have to produce evidence in a form that would be admissible at

trial, as long as the party satisfies the requirements of Federal Rule of Civil Procedure

56."). Thus, even declarations that contain hearsay may be considered at summary

judgment if the content could be presented in admissible form at trial. *Fonseca v. Sysco

Food Servs. of Arizona, Inc.*, 374 F.3d 840, 846 (9th Cir. 2004).

      Inadmissible hearsay is an out-of-court statement offered to prove the truth of the

matter asserted in the statement. Fed. R. Evid. 801(c). If a statement or document

contains multiple instances of hearsay, the statements or documents are admissible

only if each part of the combined statements conforms with an exception to the hearsay rule. Fed. R. Evid. 805.

Plaintiff's declaration incorporates by reference a copy of the Department of Labor & Industries LINIS RLOG. Dkt. 28-1, Declaration of Leigh, at 2; Dkt. 28-2, Exhibit B, at 9-17. Plaintiff's declaration also incorporates a copy of the Department of Labor & Industries Glossary of Abbreviations and Terms. Dkt. 28-1, Declaration of Leigh, at 2; Dkt. 28-2, Exhibit C, at 19-25.

Based on plaintiff's declaration and the challenged exhibits, it appears that Exhibits B and C are documents produced by the Department of Labor & Industries. Accordingly, it appears that the content of the documents and the documents themselves would be potentially admissible if this case went to trial, as either records of regularly conducted activity or public records. Fed. R. Evid. 803.

Accordingly, the Court denies defendant's motion to strike.

2)  Claim Preclusion

Pursuant to the Full Faith and Credit Act, "judicial proceedings … shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. Under this statute, federal courts are compelled to give collateral estoppel and res judicata effect to state court judgments. *Sam Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336 (2005); *Southeast Resource Recovery Facility Authority v. Montenay Int'l Corp.*, 973 F.2d 711, 712-13 (9th Cir. 1992). "When determining the preclusive effect of a state court judgment, federal courts must give the same preclusive effect to a state-court

1    judgment as another court of that State would give." *Parsons Steel, Inc., v. First*

2    *Alabama Bank,* 74 U.S. 518, 523 (1986). The purpose of this statute is to prevent

3    parties from relitigating issues that have already been resolved by courts of competent

4    jurisdiction. *Sam Remo Hotel, L.P.*, 545 U.S. at 336.

5         When considering the preclusive effect of a state court judgment, federal courts

6    must apply the preclusion rules adopted by the state that issued the judgment. *Adam*

7    *Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010).

8    Washington courts have expressed that the purpose of res judicata is to prevent the re-

9    litigation of actions by parties who have had an opportunity to litigate the same matter in

10   a former action. *Karlberg v. Otten*, 167 Wn. App. 522, 535 (2012). "The general rule is

11   that 'if an action is brought for part of a claim, a judgment obtained in the action

12   precludes the plaintiff from bringing a second action for the residue of the claim.'" *Id*.

13   (quoting *Landry v. Luscher*, 95 Wn. App. 779, 782 (1999)). Thus, all issues that could

14   have been raised and determined are precluded. *Feminist Women's Health Ctr. v.*

15   *Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995) (applying Washington law).

16        Under Washington law, application of res judicata requires identity between a

17   prior judgment and subsequent action as to "(1) subject matter; (2) cause of action; (3)

18   persons and parties; and (4) quality of the persons for or against whom the claim is

19   made." *Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 108 (2013) (quoting

20   *Mellor v. Chamberlin*, 100 Wn.2d 643, 645-46 (1983)).

21

22

23

24

25

1

(a) <u>Subject Matter</u>

2      The first factor the Court must consider is whether there is an identity of subject

3  matter between the current litigation and the previous litigation. In this situation, identity

4  of subject matter exists between the two litigations.

5      The critical factors in determining whether an identity of subject matter exists

6  between two actions are "the nature of the claim or cause of action and the nature of the

7  parties." *Weaver v. City of Everett*, 4 Wn. App. 2d 303, 322 (2018) (internal citations

8  omitted). Courts focus on the asserted theory of recovery rather than simply the facts

9  underlying the dispute. *Marshall v. Thurston County*, 165 Wn. App. 346, 353 (2011).

10  Considering these factors, courts must weigh whether the subject matter of the current

11  action, could have been litigated in the previous action. *Weaver*, 4 Wn. App. 2d at 322.

12      The current action and the previous action arise from the same set of facts,

13  namely plaintiff's allegations that defendant violated state laws in handling the

14  suspension of plaintiff's claim for time-loss benefits. In this action plaintiff is alleging that

15  defendant failed to give plaintiff proper notice of the April 1, 2011 Notice of Decision

16  suspending plaintiff's right to time loss compensation. Dkt. 1-2. Plaintiff argues that the

17  Department failed to give proper notice of the April 1, 2011 Notice of Decision and that

18  this Order was never properly protested. *Id.* Accordingly, plaintiff maintains that the July

19  2011 Orders were invalid and void which also voided all subsequent proceedings,

20  including the settlement between plaintiff and the department. *Id.* Plaintiff raised this

21  same argument before the Superior Court (Dkt. 25-1 at 227-28); the Washington Court

22  of Appeals (Dkt. 25-1 at 239-246) and the Washington Supreme Court (Dkt. 25-1 at

23  253).

24

25

ORDER ON MOTION TO REMAND AND MOTIONS
FOR SUMMARY JUDGMENT - 14

The facts and arguments underlying plaintiff's complaint in this action are identical to the ones raised in the prior litigation before the state courts. Accordingly, there is an identity of subject matter.

(b) <u>Cause of Action</u>

Next, the Court must determine whether the causes of action are identical between the current litigation and the previous litigation. In this case there is an identity of cause of action.

Washington does not utilize a specific test to define "cause of action" for res judicata purposes, rather, the state courts use a four-factor analytical guide to determine whether two causes of actions are identical. *Eugster v. Wash. State Bar Ass'n*, 198 Wn. App. 758, 788 (2017). The four factors the courts consider are: (1) whether the second action would destroy or impair rights or interests established in the first judgment; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involve the infringement of the same right and (4) whether the two suits arise out of the same nucleus of facts. *Id.*

These factors are closely related and often over-lap, however, it is not necessary that all four factors favor preclusion to bar a claim. *Feminist Women's Health Ctr.*, 63 F.3d at 867-68. The Courts have made it clear that "[r]es judicata applies not only to points on which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point that properly belonged to the subject of the litigation, and that the parties, exercising reasonable diligence, might have brought forward at that time." *Eugster*, 198 Wn. App. at 790.

1    The current action is based on the same nucleus of facts presented in the

2  previous litigation and would require identical evidence. Additionally, both litigations

3  allege that defendant violated plaintiff's rights by failing to give her proper notice of the

4  April 1, 2011 order. Finally, allowing plaintiff to litigate this action would directly

5  contradict the final decision reached by the state courts and would necessarily impair

6  any rights and obligations established in the previous litigation. Accordingly, the

7  litigations have identical causes of actions for purposes of res judicata.

8              (c)  Persons and Quality of the Persons for or Against Whom the

9                                Claim is Made

10    Finally, the people and quality of the people in the litigations are identical.

11    When the parties in a litigation are identical to the parties in the previous action,

12  the third and fourth factors weigh in favor of finding that res judicata bars the current

13  action. *See, Pederson v. Potter*, 103 Wn. App. 62, 73-74 (2000) ("because the parties

14  are identical, the quality of the person is also identical.").

15    The plaintiff in this action is the same plaintiff as the previous action. The

16  defendant in the previous action was the Department of Labor and Industries of

17  Washington. Dkt. 25-1 at 227-28. Plaintiff brings this action against Joel Sacks, in his

18  official capacity as the Director of the Department of Labor and Industries of

19  Washington. Dkt. 1-2, at ¶ 2.2. When a plaintiff brings an official capacity suit, the real

20  party in interest is the governmental entity, not the named official. *Butler v. Elle*, 281

21  F.3d 1014, 1026 n. 9 (9th Cir. 2002). Accordingly, the defendant in both litigations is the

22  Department of Labor and Industries of Washington.

23    Accordingly, the parties in both litigations are identical.

24

25

ORDER ON MOTION TO REMAND AND MOTIONS
FOR SUMMARY JUDGMENT - 16

Based on the foregoing discussion, plaintiff's claims are barred by the doctrine of res judicata and allowing plaintiff to proceed in this action would impermissibly allow her to relitigate a final state court action. Although the Court is dismissing plaintiff's complaint for jurisdictional reasons, and it appears there are no amendments that could save the complaint from a future dismissal, the Court will nevertheless dismiss without prejudice because this is a pro se complaint, and must be liberally construed. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009).

If Ms. Leigh wishes to amend the complaint and outline how the claims are not barred, she may file a motion for leave to amend the complaint and explain why the amended complaint should be allowed. Any such motion shall be filed within 60 days of the date of this order. If such a motion is filed, the defendant shall have 21 days to respond. Leigh would then have 14 days to file a reply to any such response. The Court would then determine whether Leigh's case may proceed, or if it must be dismissed with prejudice.

CONCLUSION

Based on the foregoing discussion, no factual or legal disputes remain in this action. Accordingly, the Court ORDERS:

- Plaintiff's claims are barred by the doctrine of res judicata;

- Plaintiff's motion to remand (Dkt. 9) is DENIED;

- Defendant's motion to strike (Dkt. 29) is DENIED;

- Defendant's motion for summary judgment (Dkt. 23) is GRANTED;

- Plaintiff's motion to withdraw documents (Dkt. 27) is DENIED as moot;

- Plaintiff's cross-motion for summary judgment (Dkt. 28) is DENIED; and

1

- Plaintiff's complaint is dismissed without prejudice.

2

Dated this 13th day of December, 2021.

3

4

5

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER ON MOTION TO REMAND AND MOTIONS
FOR SUMMARY JUDGMENT - 18